UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CUBIC TRANSPORTATION SYSTEMS, INC., *Plaintiff* | CIVIL ACTION NO.: 3:24-cv-549 |
| v. | JUDGE: |
| JB GROUP OF LA, LLC d/b/a INFRASTRUCTURE SOLUTIONS GROUP *Defendant* | MAGISTRATE JUDGE: |

## COMPLAINT FOR DAMAGES

Plaintiff Cubic Transportation Systems, Inc. asserts the following allegations against defendant JB Group of LA, LLC d/b/a Infrastructure Solutions Group:

## PARTIES

1. Plaintiff Cubic Transportation Systems, Inc. is a corporation. Cubic is incorporated in, and maintains its principal place of business in, California.

2. Cubic is therefore a citizen of California.

3. Defendant JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") is a limited liability company with three individual members. Members Ronald Breeland, Jason Yates, and Travis Dardenne are all domiciled in, and therefore citizens of, Louisiana.

4. ISG is therefore a citizen of Louisiana.

5. ISG is not a citizen of California.

## JURISDICTION AND VENUE

6. This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This court has general personal jurisdiction over ISG because, as a citizen of Louisiana, ISG is "at home" in this state.

1

8. This court also has specific personal jurisdiction over ISG maintains its principal place of business in Gonzales, Louisiana; regularly does business in Louisiana; and this case arises out of ISG's business here.

9. Venue is proper in this court under 28 U.S.C. § 1391 because ISG resides in this district by maintaining its principal place of business in Gonzales, Louisiana and, as explained below, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

10. Cubic develops innovative transportation and traffic products, equipment, and technology solutions for use in public transportation, development, and infrastructure projects, such as the construction of roadways and intersections.

11. For example, Cubic often supplies traffic signals (stoplights), pedestrian crossing signals, and the like to construction contractors or subcontractors for use in public works projects.

12. ISG holds itself out as an electrical and communication company serving the public and private sectors in transportation and traffic-system projects for clients like the U.S. Army Corps of Engineers and Louisiana Department of Transportation and Development.

13. ISG contracted with Cubic to buy transportation and traffic equipment for local construction or installation contracts with the Louisiana Department of Transportation and Development, the City-Parish of Baton Rouge, and others.

14. ISG would submit purchase orders to Cubic for made-to-order equipment and materials of certain specifications, as needed for ISG's public projects.

15. Cubic would accept the order and incorporate the equipment or material specifications into Cubic's production schedule for timely manufacture and delivery.

16. Then Cubic would ship ISG the specified equipment and materials that ISG needed to incorporate into ongoing public projects and send ISG an invoice, which ISG needed to pay by

check or wire within 30 days.

17. Starting with an invoice from May 3, 2022 for $21,354.20 (invoice no. 90113624), ISG began failing to pay or falling behind on its payments to Cubic.

18. ISG also failed to pay an invoice from May 11, 2022 for $2,396.90 (invoice no. 90114014).

19. ISG failed to pay another invoice from June 2, 2022 for $2,396.90 (invoice no. 90115713).

20. ISG failed to pay an invoice from November 23, 2022 for $217.90 (invoice no. 90128772).

21. ISG failed to pay an invoice from February 14, 2023 for $22,879.50 (invoice no. 90134755).

22. ISG failed to pay an invoice from February 15, 2023 for $231,300.85 (invoice no. 90134877).

23. ISG failed to pay an invoice from March 15, 2023 for $233,033.16 (invoice no. 90137185).

24. ISG failed to pay an invoice from March 31, 2023 for $16,512.46 (invoice no. 90139239).

25. ISG failed to pay an invoice from March 31, 2023 for $200,875.47 (invoice no. 90144165).

26. ISG failed to pay an invoice from July 18, 2023 for $381.33 (invoice no. 90147581).

27. ISG failed to pay an invoice from September 14, 2023 for $69,081.00 (invoice no. 90151829).

28. ISG failed to pay part of an invoice from May 3, 2022 for $42,150.58 (invoice no. 90113622). ISG made a partial payment of $37,588, leaving $4,562.58 outstanding.

29. In total, ISG has failed to pay and still owes Cubic $804,992.25 for equipment and materials that ISG ordered and Cubic made and delivered.

30. ISG did not reject any of the equipment or materials that Cubic shipped to ISG.

31. ISG did not notify Cubic that there were any problems, alleged defects, failures to meet specifications, or any other issues with the equipment or materials that ISG received from Cubic.

32. ISG repeatedly promised to pay Cubic for its outstanding invoices and Cubic relied on those promises in continuing to deliver ISG its requested equipment and materials.

33. Contemporaneously, ISG told certain public project owners like the Louisiana Department of Transportation and Development that it was current on its payments to Cubic, even when it was not.

34. ISG never made good on its promises.

35. On January 24, 2024, Cubic sent ISG a letter demanding payment of ISG's outstanding balance.[1]

36. To date, ISG has failed to pay.

## CAUSES OF ACTION

### Count One: Breach of Contract

37. Under Louisiana Civil Code article 1756, a contract is a legal obligation by which one party is bound to render a performance to another.

---

[1] A copy of Cubic's demand for payment and all enclosed invoices reflecting ISG's outstanding balance is attached to, and thus incorporated into, this complaint.

38. Cubic and ISG agreed that ISG would buy, and Cubic would make and deliver, various equipment and materials for ISG's use in construction and installation projects.

39. Cubic performed its contractual obligations by making and delivering ISG's requested equipment and materials, as reflected in Cubic's invoices.

40. Cubic did not breach its contract with ISG.

41. ISG failed to perform its contractual obligations by repeatedly failing to pay for the equipment and materials that Cubic delivered to ISG.

42. Each instance of ISG's failure to pay is a breach of contract.

43. There is no legal excuse for any of ISG's failures to pay.

44. ISG owes $804,992.25 in damages for its breaches.

**Count Two: Late Payment under Louisiana Revised Statutes § 9:2784**

45. Under Louisiana Revised Statutes § 9:2784(A), a construction contractor that receives any payment from the owner of an immovable for improvements to the immovable must promptly pay the money received to each subcontractor and supplier in proportion to the percentage of work completed.

46. Similarly, Louisiana Revised Statutes § 9:2784(A) requires a subcontractor who has received payment from the contractor to promptly pay the money received to each sub-subcontractor and supplier in proportion to the work completed.

47. Under Louisiana Revised Statutes § 9:2784(C), if a contractor or subcontractor makes no payment to a subcontractor or supplier within fourteen consecutive days from receipt of payment for improvements to the immovable, the contractor or subcontractor is subject to penalties.

48. The contractor or subcontractor must pay another 0.5% of the outstanding balance

due each day, not to exceed 15% of the outstanding balance due.

49. In addition, the contractor or subcontractor must pay reasonable attorney fees for the collection of the outstanding balance due.

50. ISG used Cubic's equipment and materials for a construction contract or contracts for improvements to immovable property (like city, parish, or municipal roads and infrastructure) and ISG was paid for its work by the owner.

51. Despite being paid for its work, ISG failed to pay Cubic within fourteen days of ISG's receipt of payment, in violation of Louisiana Revised Statutes § 9:2784.

52. As a result of ISG's failures to pay and violations of Louisiana law, ISG now owes Cubic another 0.5% of the outstanding balance due each day, starting with an accrual of $106.77 every day from June 2, 2022 for outstanding invoice no. 90113624.

53. ISG must now pay Cubic another $120,748.83 under Louisiana Revised Statutes § 9:2784 for its failures to promptly pay Cubic.

54. In addition, ISG must pay Cubic its reasonable attorneys' fees under Louisiana Revised Statutes § 9:2784 for its failures to promptly pay Cubic.

**Count Three: Open Account under Louisiana Revised Statutes § 9:2781**

55. Under Louisiana Revised Statues § 9:2781, when any person fails to pay an open account within thirty days from a written demand correctly setting forth the amount owed, that person shall be liable to the successful claimant for reasonable attorney fees.

56. An open account is any account for which a part or all of the balance is past due, regardless of whether the account reflects one or more transactions or whether the parties expected there would be future transactions.

57. Here, ISG had an account with Cubic by which ISG would request certain

equipment or materials on an as-needed basis and Cubic would make and deliver the equipment or materials to ISG and submit an invoice for the cost of those products or materials.

58. ISG carried an outstanding balance with Cubic as it continued to request that Cubic make and deliver more equipment and materials for ISG, which Cubic did.

59. Cubic kept a running tally of the total amount of equipment and materials that ISG had purchased, along with a running tally of the total outstanding balance for payment owed to Cubic.

60. ISG paid Cubic only in part, leaving $804,992.25 outstanding and past due.

61. ISG has continued to request that Cubic make and deliver other equipment and materials for other ISG projects.

62. ISG and Cubic would continue to do business together but for ISG's ongoing failure to pay its outstanding account balance.

63. Cubic sent ISG a written demand for payment of ISG's outstanding account balance of $804,992.25 by first class mail on January 24, 2024.

64. Thirty days after January 24 was Friday, February 23, 2024.

65. ISG did not pay its outstanding account balance by February 23, 2024.

66. This complaint for damages is also a written demand for payment of ISG's outstanding account balance.

67. Under Louisiana Revised Statues § 9:2781, and if Cubic is successful on its claim for payment, ISG is also liable to Cubic for reasonable attorneys' fees associated with the prosecution and collection of ISG's outstanding debt.

**Count Four: Detrimental Reliance**

68. Under Louisiana Civil Code article 1967, a party may be obligated by a promise

when it knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.

69. Here, ISG repeatedly promised to pay its outstanding balance with Cubic to induce Cubic into continuing to make and deliver ISG other equipment and materials so that ISG could continue to work—and receive its own payment for—ongoing projects.

70. Indeed, ISG told project owners that it was current on payments to subcontractors or materials suppliers like Cubic, even when it was not, so that ISG would continue to receive payment for itself.

71. Because Cubic's equipment is made-to-order according to the project specifications that a customer supplies, by putting ISG's requested equipment and materials into Cubic's ongoing production schedule, Cubic necessarily delays production of other made-to-order equipment for other customers who sought to submit orders after ISG.

72. Cubic thus could have accepted orders from and put into its production plan equipment and materials for other customers who would have timely paid Cubic.

73. By continuing to supply ISG with its specified equipment and materials, Cubic missed profitable business opportunities with other customers.

74. ISG is liable to Cubic for these missed business opportunities.

75. ISG is also liable to Cubic for the cost of the equipment and materials that it failed to pay for despite its repeated promises to do so.

**REQUEST FOR RELIEF**

76. Cubic requests that, after due proceedings, this Court render judgment for Cubic and against ISG:

    a. Finding ISG breached its contract with Cubic, and ISG owes Cubic damages;

    b. Finding ISG violated Louisiana Revised Statutes § 9:2784 by failing to promptly

pay Cubic for the equipment and materials it supplied for ISG's use in performing construction contracts to improve immovable property and ISG owes Cubic the outstanding amount, plus the specified statutory penalty and reasonable attorneys' fees;

c. Finding ISG failed to pay its open account with Cubic within 30 days of written demand, and ISG owes Cubic reasonable attorneys' fees;

d. Awarding Cubic at least $907,741.08 in damages, plus all costs and expenses, reasonable attorneys' fees, and prejudgment and post-judgment interest; and

e. Awarding Cubic all other just and equitable relief to which Cubic may be entitled by contract or under law.

Respectfully submitted,

*s/ Chloé M. Chetta*
Chloé M. Chetta, 37070
Lorcan L. Connick, 38168
R. Chad Thorton, 40970
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA 70112
T: 504-589-9700
F: 504-589-9701
cchetta@barrassousdin.com
lconnick@barrassousdin.com
cthorton@barrassousdin.com

*Counsel for Cubic Transportation Systems, Inc.*